IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN HANKS, # M-48627, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-330-SMY |
| ) | |
| JANE DOE (Warden), ) | |
| JOHN OR JANE DOE (Designee), ) | |
| CHARLES HECK, ) | |
| and MARCUS MYER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that Defendants violated his Fourteenth and Eighth Amendment rights in connection with a disciplinary action that was ultimately expunged. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that the Complaint is subject to dismissal pursuant to § 1915A.

## **The Complaint**

On June 28, 2015, Heck and Myer conducted a hearing on a disciplinary report filed against Plaintiff for "Damage or Misuse of Property." (Doc. 1, p. 2; Doc. 1-1, p. 2). They found Plaintiff guilty of the infraction, and as a result, Plaintiff lost 2 months of good conduct credits.

He was also punished with 4 months in segregation, 4 months' demotion to C-grade and ordered to pay restitution. (Doc. 1, pp. 2-3).

Plaintiff alleges that Heck and Myer failed to afford him procedural due process in the disciplinary hearing. (Doc. 1, p. 2). During all times relevant to these events, Plaintiff was "on crisis and designated Seriously Mentally Ill" by the IDOC and prison mental health officials. (Doc. 1, p. 3). However, mental health staff were not informed of the charges against Plaintiff or summoned to participate in Plaintiff's disciplinary proceeding, as Plaintiff claims is required by IDOC departmental rule 504.80. (Doc. 1, p. 4).

After the disciplinary hearing, Plaintiff was transferred from Pinckneyville to an inpatient psychiatric acute care unit at Dixon, and was on "mandatory suicidal observation." (Doc. 1, p. 3). He never received the summary report of the disciplinary committee during his stay at Dixon.

On July 31, 2015, he filed a grievance over the disciplinary action. On approximately March 16, 2016, the IDOC's Administrative Review Board recommended that Plaintiff's ticket be expunged and his good conduct credits restored. (Doc. 1, p. 4). Plaintiff attaches a copy of the final summary report showing that the disciplinary matter was expunged, and states that his sentence credit was restored to him. (Doc. 1, p. 5; Doc. 1-1, p. 2). However, Plaintiff complains that his "suffering for months in segregation could not be restored[,] neither the pain and suffering he experienced at that time." (Doc. 1, p. 5).

Plaintiff asserts that Heck and Myers' actions subjected him to cruel and unusual punishment, in that he was placed in segregation while he was mentally ill. (Doc. 1, pp. 4-5). He states that he "endured days of mental distress, pain and suffering" while in segregation.

(Doc. 1, p. 5). He further asserts that the Jane Doe Warden and the John/Jane Doe "Designee"[1] violated his rights by finalizing the disciplinary report before ensuring that "safeguards and departmental rules were respected." *Id.*

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Doc. 1, pp. 6-7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment claim for deprivation of a liberty interest without due process, in that Defendants failed to follow state rules/policies requiring prison mental health staff to be notified and participate in the disciplinary hearing process for Plaintiff as a seriously mentally ill prisoner;
>
> **Count 2:** Eighth Amendment claim for subjecting Plaintiff to cruel and unusual punishment by confining him in punitive segregation while he suffered from a serious mental illness.

The Complaint fails to state a constitutional claim upon which relief may be granted with respect to both counts. For these reasons, Plaintiff's Complaint (Doc. 1) shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice and the dismissal shall count as a strike pursuant to § 1915(g). The amended

---

[1] Plaintiff describes this individual as the Warden's receptionist or secretary, who signs disciplinary reports on the Warden's orders at Pinckneyville.

complaint shall be subject to review under § 1915A.

## Dismissal of Count 1 – Fourteenth Amendment

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court enunciated minimal procedural due process protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). In addition, a disciplinary decision must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff does not claim that he was denied any of the *Wolff* procedural protections. Instead, he bases his claim for denial of procedural due process on the regulations governing the Illinois Department of Corrections, which provide for consideration of the mental health implications of confining seriously mentally ill prisoners in segregation. Plaintiff asserts that his due process rights were violated because Heck and Myer were required to inform and/or summon mental health staff in connection with his disciplinary hearing, and failed to do so.

The section of the Illinois Administrative Code cited by Plaintiff reads as follows:

> If the offender has been diagnosed as seriously mentally ill, the Adjustment Committee *may* request the reviewing mental health professional to appear before the Adjustment Committee to provide testimony relevant to his or her review.

5

ILL. ADMIN. CODE tit. 20, § 504.80(h) (emphasis added). Notably, the Code does not require the Adjustment Committee to contact mental health staff regarding the disciplinary proceeding, but states that the Committee "may" do so. An earlier provision of the Code defines the "reviewing mental health professional" and his/her role. That section requires that when a prisoner who has been diagnosed as seriously mentally ill is placed in investigative status or temporary confinement, "the shift supervisor shall ensure a mental health professional completes a documented review of the offender within 48 hours and provides his or her recommendation for temporary confinement to the Chief Administrative Officer." ILL. ADMIN. CODE tit. 20, § 504.40.

Plaintiff's Complaint does not reveal whether or not the mental health review under § 504.40 was performed in his case. The question of whether that required mental health review would create an interest protected by the Fourteenth Amendment is not now before the Court. Plaintiff does indicate that his disciplinary ticket was expunged because of a failure to comply with one of the code provisions discussed above. (Doc. 1, p. 4). Nonetheless, the failure of Heck and Myer to seek out testimony from the "reviewing mental health professional" for Plaintiff's disciplinary hearing does not violate either § 504.80(h) of the administrative code or the Constitution. Even if a section of the administrative code was violated, this alone does not create a civil rights claim, because a federal court does not enforce state law or regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

Plaintiff does not point out any other aspect of his disciplinary hearing that failed to comply with the *Wolff* due process protections. If there was a failure to comply with constitutional due process requirements, Plaintiff may include those factual allegations in an

6

amended complaint. Plaintiff should note that even though his disciplinary action was apparently expunged based on some procedural flaw, the expungement is not determinative as to whether the proceedings violated Plaintiff's *constitutional* rights. Furthermore, even if there was a due process violation during the hearing that violated the Fourteenth Amendment, Plaintiff still may not have a viable civil rights claim. The circumstances under which an inmate punished with segregation may pursue a claim for deprivation of a liberty interest without due process of law are very limited. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small"). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner*, 128 F.3d at 1175.

The Seventh Circuit has identified two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion*, 559 F.3d at 697-98 (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison

sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

Plaintiff states that he was punished with 4 months in disciplinary segregation. This period of time is likely long enough to trigger an inquiry into the conditions of his segregation confinement *if* there was a procedural flaw of constitutional dimension in the disciplinary proceedings that placed him there. The Complaint, however, does not disclose whether Plaintiff served the entire 4 months of segregation, nor does it say anything about the conditions he endured there. Because of these omissions, the Court cannot determine whether there was a constitutional violation in Plaintiff's disciplinary hearing or whether the conditions of his disciplinary segregation imposed an atypical and significant hardship on him. **Count 1** shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted. If Plaintiff believes that facts exist to support a constitutional claim for deprivation of a liberty interest without due process, he may re-plead this claim in an amended complaint, in accordance with the instructions below.

**Dismissal of Count 2 – Eighth Amendment**

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Plaintiff asserts that his confinement in segregation for 4 months amounted to cruel and unusual punishment. He states that the placement in segregation while he suffered from a serious mental illness caused him distress. (Doc. 1, p. 5). However, Plaintiff offers no further facts regarding the conditions of his confinement in segregation, the nature of his mental illness or how the conditions affected his mental or physical well-being. He does not say where he served his segregation time, or disclose whether he requested that any prison officials remedy any of the conditions that caused problems for him while in segregation. Consequently, the Court cannot evaluate whether the circumstances of Plaintiff's segregation violated the Eighth Amendment.

For these reasons, **Count 2** shall also be dismissed without prejudice for failure to state a claim upon which relief may be granted. If Plaintiff wishes to further pursue this claim, he must submit an amended complaint as instructed below.

## **Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 2). The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his

own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not describe any effort on his part to secure counsel on his own. Thus, the Court cannot conclude that he has made reasonable efforts to obtain legal representation.

As to the second inquiry, Plaintiff reveals that he has a limited education, having obtained a G.E.D. (Doc. 2-1, p. 1). He also states that he takes daily doses of psychotropic medication for his serious mental illness. Nonetheless, the Complaint reflects that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to include more factual content regarding the conduct of his disciplinary hearing, and the conditions of his confinement in segregation. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 2) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before August 4, 2017). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-330-SMY. The amended complaint shall present each claim in a separate count as designated by the Court above. In each count, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 2, 2017**

<u>s/Staci M. Yandle</u>
United States District Judge